The Kantrow Law Group, PLLC
*Attorneys for Allan B. Mendelsohn, Chapter 7 Trustee*
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Fred S. Kantrow, Esq.
Hailey L. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re:                                                                                    Chapter 7
                                                                                               Case No.: 21-70830-las
CARLOS JAVIER MOLINA,

                             Debtor.
---------------------------------------------------------------------x
ALLAN B. MENDELSOHN as Trustee of the Estate
Of Carlos Javier Molina,

                             Plaintiff,
                                                                                               Adv. Pro. No. 22
    -against-

THE DALTON SCHOOL, INC.,

                             Defendant.
---------------------------------------------------------------------x

## **COMPLAINT**

Allan B. Mendelsohn, trustee (the "Trustee" and/or "Plaintiff") of the Estate of Carlos Javier Molina, (the "Debtor") and plaintiff in the above captioned adversary proceeding, by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for Trustee's complaint (the "Complaint") against defendant The Dalton School, Inc., (the "Defendant" and/or "Dalton") and represents as follows:

## **PRELIMINARY STATEMENT**

This is an action by the Trustee to avoid and recover certain transfers made to Defendant by Debtor within four (4) year period to the filing of the bankruptcy petition as fraudulent conveyances. In addition, the Trustee seeks to recover the transfers made to Defendant by Debtor

within one (1) year of the bankruptcy petition as preference payments for the benefit of "insiders" of Debtor, as that term is defined under section 101(31) of the Bankruptcy Code.

## THE PARTIES

1. Plaintiff is the Chapter 7 Trustee herein.

2. Defendant, upon information and belief, a private learning institution with a mailing address of 108 East 89th Street, New York, New York 10128, Attn: Michael Hwang, Assistant Head of School Operations and Chief Financial Officer.

## JURISDICTIONAL PREDICATE

3. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 544, 547 and 550 (the "Bankruptcy Code") and Bankruptcy Rules 7001 et. Seq. and section 273 et Seq. of New York's Debtor and Creditor Law ("Debtor and Creditor Law").

5. Venue of this subject chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND FACTS

7. On May 3, 2021 (the "Petition Date"), Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

8. Allan B. Mendelsohn was appointed interim Trustee and thereafter did duly qualify as permanent case Trustee.

9. Trustee undertook an investigation of the financial affairs of the Debtor to determine if there may be assets available to recover for the benefit of the estate and its substantial creditor body.

10. Trustee obtained Orders of this Court pursuant to Rule 2004 of the Bankruptcy Rules, which allowed for the Trustee to obtain certain documents. More specifically, Trustee sought bank records at which the Debtor maintained certain accounts.

11. Among the documents produced, Trustee reviewed an account maintained at JPMorgan Chase Bank ending in the last four digits 5577 (the "Chase Bank Account"). Upon a review of the Chase Bank Account, Trustee discovered substantial transactions made from the Chase Bank Account to Dalton.

12. Among the documents produced, Trustee reviewed an account maintained at Bank of America ending in the last four digits 4127 (the "BOA Account"). Upon a review of the BOA Account, Trustee discovered substantial transactions made from the BOA Account to Dalton.

13. Upon information and belief, the Debtor's children attended Dalton.

14. Within the four (4) year period immediately prior to the Petition Date, Debtor transferred to Dalton, for no consideration, the following recoverable fraudulent transfer (the "Transfers") amounts:

| DATE | AMOUNT |
| --- | --- |
| 07/15/2020 | $8,172.00 |
| 07/15/2020 | $8,127.00 |
| 07/15/2020 | $8,127.00 |

| | |
|---|---|
| 08/03/2020 | $18,263.97 |
| 09/01/2020 | $17,270.00 |
| 10/01/2020 | $17,270.00 |
| 11/02/2020 | $17,270.00 |
| 12/01/2020 | $17,270.00 |
| 01/04/2021 | $17,270.00 |
| 02/01/2021 | $17,270.00 |
| 03/01/2021 | $17,299.00 |
| 03/08/2021 | $34,600.00 |

15. In total, the Debtor fraudulently conveyed the sum of $163,639.97 which the Trustee seeks to recover from the Defendant. Alternatively, the Debtor remitted payments on the account of antecedent debt and said payments, in the sum of $163,639.98 constituted preference payments, made for the benefit of insiders and are recoverable as such pursuant to section 547 of the Bankruptcy Code.

16. The Transfers described herein, were made at a time when the Debtor was insolvent, or the Transfers rendered the Debtor insolvent.

17. At the time of the Transfers, the Debtor was indebted to creditors and was not paying his obligations as they became due and owing.

18. In the alternative, Trustee seeks to recover the transfers as recoverable preference payments pursuant to section 547 of the Bankruptcy Code.

**AS AND FOR A FIRST CAUSE OF ACTION**
**PURSUANT TO DEBTOR & CREDITOR LAW SECTION 273**

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18."

20. To the extent that the claims herein arise under Bankruptcy Code §544(b), the Plaintiff asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy case.

21. Upon information and belief, Debtor did not receive any consideration and/or fair consideration for the Transfers made to Defendant.

22. Defendant benefitted from the Transfers made by Debtor.

23. The Transfers are voidable under Debtor and Creditor Law § 273 as a fraudulent conveyance.

24. By reason of the foregoing, the Plaintiff is entitled to a declaratory judgment setting aside the Transfers made by Debtor and determining that the transfer is fraudulent conveyance under Debtor and Creditor Law § 273.

**AS AND FOR A SECOND CAUSE OF ACTION UNDER SECTION 273 & 278 OF DEBTOR AND CREDITOR LAW AND SECTION 550 OF BANKRUPTCY CODE**

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24."

26. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the Plaintiff may recover the Transfers that were made and/or the value thereof.

27. Defendant benefitted from the Transfers in the amount of $163,639.97.

28. By reason of the foregoing, Plaintiff is entitled to a judgment against Defendant in the amount no less than $163,639.37, pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

**AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO DEBTOR AND CREDITOR LAW SECTION 275 & SECTION 544(b) OF THE BANKRUPTCY CODE**

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28."

30. The Transfers were made without fair consideration when Debtor intended and believed that he would incur debts beyond his ability to pay them as they became due.

31. The Transfers are voidable under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b)

32. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the Transfers by Debtor to Defendant as a fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

**AS AND FOR A FOURTH CAUSE OF ACTION UNDER SECTIONS 275 & 278 OF DEBTOR AND CREDITOR LAW AND SECTION 550 OF BANKRUPTCY CODE**

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32."

34. Pursuant to Debtor and Creditor Law § 275 and 278 and Bankruptcy Code § 550(a), Plaintiff may recover the Transfers made and/or the value thereof.

35. Defendant benefitted from Debtor's Transfers in the amount of $163,639.97.

36. By reason of the foregoing, Plaintiff is entitled to a judgment against Defendant in the amount of $163,639.97 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

**AS AND FOR A FIFTH CAUSE OF ACTION UNDER DEBTOR AND CREDITOR LAW SECTION 276 AND SECTION 544(b) OF THE BANKRUPTCY CODE**

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36."

38. Upon information and belief, the transfer waws made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

39. The conveyance is voidable under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

40. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the Transfers as fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

### AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO SECTION 267 & 278 OF DEBTOR AND CREDITOR LAW AND SECTION 550 OF THE BANKRUPTCY CODE

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "40."

42. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), Plaintiff may recover the Transfers that were made and/or the value thereof.

43. Defendant benefitted from the Transfers in the amount not less than $163,639.97.

44. By reasons of the foregoing, Plaintiff is entitled to a judgment against the Defendant in an amount not less than $163,639.97 pursuant to Sections 275, 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A SEVENTH CAUSE OF ACTION UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

45. Plaintiff repeats and realleges every allegation contained in paragraphs "1" through "44."

46. Plaintiff is also entitled to recover attorney's fees under Debtor and Creditor Law § 276-a.

47. By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law.

### AS AND FOR AN EIGHTH CAUSE OF ACTION UNDER
### SECTION 548 OF BANKRUPTCY CODE

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "47."

49. To the extent that the Transfers were made or incurred within the two years before the date of the Petition, the Plaintiff may avoid such Transfers for the benefit of the creditors of the Debtor's estate.

50. Debtor made the Transfers to the Defendant during the two (2) year period in the aggregate amount of $163,639.97.

51. The Transfers were made by the Debtor with the actual intent to hinder, delay or defraud the Debtor's creditors.

52. Debtor was insolvent at the time of the Transfers, and/or was rendered insolvent as a result of the Transfers.

53. Debtor received less than reasonably equivalent value for the Transfers. In fact, Debtor received no consideration for these transfers.

54. Accordingly, under section 548 of the Bankruptcy Code, the Transfers should be avoided for the benefit of the creditors of the Debtor's estate.

### AS AND FOR A NINTH CAUSE OF ACTION UNDER
### SECTION 550 OF BANKRUPTCY CODE

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "54."

56. Under Bankruptcy Code § 550(a), Plaintiff may recover the Transfers that were made and/or the value thereof from Defendant.

57. Defendant benefitted from Debtor's Transfers to it in the amount of $163,639.97.

58. By reason of the foregoing, Plaintiff is entitled to a judgment against Defendant in the amount of $163,639.37 pursuant to Section 550 of the Bankruptcy Code.

### AS AND FOR A TENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58."

60. The Transfers to Defendant were impermissible transfer of Debtor's interests in property. Consequently, Defendant was the ultimate beneficiary of such Transfers under circumstances in which Defendant would be unjustly enriched if it were to retain such Transfers since Debtor did not receive reasonably equivalent value thereof.

61. The Transfers to Defendant by Debtor has caused Defendant to be unjustly enriched and may not in equity and good conscience retain the Transfers.

62. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount no less than $163,639.97.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION UNDER SECTION 547 OF THE BANKRUPTCY CODE

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "62."

64. The Transfers to Defendant were made to or for the benefit of the Defendant for or on account of an antecedent debt owed by the Debtor before such transfer was made while the Debtor was insolvent between ninety (90) days and one year before the date of the petition for the benefit of insiders of the Debtor.

65. The Transfers to Defendant enabled the Defendant to receive more than it would have received under chapter 7 of the Bankruptcy Code and the Transfers had not been made.

66. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount no less than $163,639.97.

## RESERVATION OF RIGHTS

67. Plaintiff intends to recover the transfers made by the Debtor and Defendant prior to Petition date and, as such, hereby specifically reserves his right to amend this complaint to seek to recover additional transfers, if any, which are not identified herein, to bring any and all other causes of action that he could maintain against Defendant, including, without limitation, causes of action arising out of the same transaction(s) described herein, to the extent discovery in this action or further investigation by Trustee reveals additional transfers or further causes of action.

**WHEREFORE**, the Plaintiff respectfully demands judgment as follows:

(a) On the Fist Cause of Action, against the Defendant a judgment setting aside the transfer of the Payments made by the Debtor and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law § 273;

(b) On the Second Cause of Action, against the Defendant a judgment in the amount not less than $163,639.97 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(c) On the Third Cause of Action, against the Defendant a judgment against the Defendant setting aside the transfer of the Payments as fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b);

(d) On the Fourth Case of Action, judgment against the Defendant in the amount not less than $163,639.97 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(e) On the Fifth Cause of Action, judgment setting aside the Transfers as fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b);

(f) On the Sixth Cause of Action, judgment against the Defendant in the amount not less than $163,639.97 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(g) On the Seventh Cause of Action, judgment equal to attorney's fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

(h) On the Eighth Cause of Action, judgment setting aside the Transfers as fraudulent conveyances pursuant to 548 of the Bankruptcy Code;

(i) On the Ninth Cause of Action, judgment against the Defendant in an amount not less than $163,639.97 pursuant to Section 550 of the Bankruptcy Code;

(j) On the Tenth Cause of Action, judgment against the Defendant in an amount not less than $163,639.97;

(k) On the Eleventh Cause of Action, judgment against the Defendant in an amount not less than $163,639.97 pursuant to Section 547 of the Bankruptcy Code; and

(l) For such other, further and different relief as this Court deems just, proper and equitable.

Dated: Syosset, New York
      March 15, 2022

                                          The Kantrow Law Group, PLLC
                                          *Attorneys for the Trustee/Plaintiff*

BY:    */s/ Fred S. Kantrow*
       Fred S. Kantrow, Esq.
       Hailey L. Kantrow, Esq.
       6901 Jericho Turnpike
       Suite 203
       Syosset, New York 11791
       516 703 3672
       fkantrow@thekantrowlawgroup.com
       hkantrow@thekantrowlawgroup.com