UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
............................................................................X

In re:

       Carlos Javier Molina

                      Debtor.
............................................................................X

Allan B. Mendelsohn,
as Trustee of the Estate of
Carlos Javier Molina,

                      Plaintiff,

       v.

The Dalton School, Inc.,

                      Defendant.
............................................................................X

Chapter 7

Case No.: 8-21-70830 -las

Adv. Pro. No.: 8-22-08012-las

### MEMORANDUM DECISION AND ORDER GRANTING
### DEFENDANT'S MOTION TO DISMISS

    Plaintiff Allan B. Mendelsohn (the "Trustee"), as chapter 7 trustee of the estate of

debtor Carlos Javier Molina (the "Debtor"), commenced this adversary proceeding against

defendant The Dalton School, Inc. ("Defendant" or "The Dalton School") seeking to avoid and

recover tuition payments allegedly made to Defendant by the Debtor for his three minor

children for the 2020–2021 school year totaling $163,639.97. *See generally* Complaint

("Compl.") [Dkt. No. 1].[1]

    The Trustee brings claims under fraudulent transfer, preference, and unjust

enrichment theories. Specifically, the Trustee seeks to avoid the tuition payments allegedly

---

[1] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __ ]" and all docket references to the related bankruptcy case of the Debtor, Case No. 8-21-70830-las, are cited as "[Bankr. Dkt. No. __ ]."

made by the Debtor to Defendant under 11 U.S.C. § 548(a)(1) and the New York Debtor and Creditor Law (the "NYDCL"), as incorporated by 11 U.S.C. § 544(b), as constructive and actual fraudulent transfers, and to recover the payments under 11 U.S.C. § 550 (First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Ninth Causes of Action). In the alternative, the Trustee seeks to avoid and recover the tuition payments as preferences pursuant to 11 U.S.C. §§ 547(b) and 550[2] (Eleventh Cause of Action). The Trustee also seeks to recover attorneys' fees under the NYDCL (Seventh Cause of Action). In addition, the Trustee asserts an unjust enrichment claim against Defendant for its receipt of the tuition payments (Tenth Cause of Action).

Now before the Court is Defendant's motion to dismiss (the "Motion to Dismiss" or "Mot.") [Dkt. No. 13] the Complaint pursuant to Rule 12(b)(6)[3] of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for failure to state a claim upon which relief may be granted. In support of the Motion to Dismiss, Defendant submitted a memorandum of law and the Declaration of Michael Hwang, Assistant Head of School Operations and Chief Financial Officer at The Dalton School (the "Hwang Declaration" or "Hwang Decl."), accompanied by an exhibit setting forth the payments received by Defendant between July 15, 2020 and March 8, 2021 totaling $167,638.97, and itemizing the allocation of those payments for tuition in the amount of $162,540.00 and for other expenses aggregating $5,238.97. [Dkt. No. 13]. The Trustee filed an opposition to the Motion to Dismiss (the "Opposition" or "Opp.") [Dkt. 17], and Defendant filed a reply in support thereof (the "Reply") [Dkt. No. 21]. The matter has been fully briefed and the Court heard oral argument.

---

[2] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

[3] Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

The Court has carefully considered the arguments and submissions of the parties and, for the following reasons, Defendant's Motion to Dismiss is granted and the Complaint is dismissed in its entirety.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a).

## BACKGROUND

### I.    Factual Background[4]

The Complaint is comprised of very few facts. Many of the allegations constitute legal conclusions and, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Parsing the Complaint, the operative facts as alleged in the Complaint for purposes of resolving the Motion to Dismiss are set forth below.[5]

---

[4] The facts stated are taken from the Trustee's Complaint [Dkt. No. 1], unless otherwise noted, and are accepted as true for purposes of resolving this motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). References to the allegations in the Complaint should not be construed as a finding of fact by the Court, and the Court makes no such findings.

[5] Although the Court refers to the Hwang Declaration in two instances to supplement the factual summary, the operative facts for purposes of resolving the Motion to Dismiss are only those alleged in the Complaint. Reference to the Hwang Declaration clarifies the heart of this dispute, i.e., that the Debtor's three children are minors and attended The Dalton School for the full 2020–2021 school year in sixth, fifth, and first grades. Although conceded by the Trustee in his opposition papers and at the hearing, this allegation is conspicuously absent from the Complaint. The Complaint merely alleges that "[u]pon information and belief, the Debtor's children attended Dalton." Compl. ¶ 13. The statement that the Debtor's children are minors and attended elementary school is not contradictory to the factual allegations in the Complaint. The Trustee does not take issue with these statements and brings this action to claw back tuition payments made to The Dalton School on behalf of the Debtor's minor children. *See generally* Hearing Transcript, August 1, 2023; Opp. ¶ 2. To be clear, the Court does not rely on the substance of the Hwang Declaration in resolving the Motion to Dismiss and assesses the merits of the Motion to Dismiss on the facts presented within the four corners of the Complaint.

3

The Dalton School is a kindergarten through twelfth grade private school located at 109 E. 89th Street, New York, NY. Compl. ¶ 2; Hwang Decl. ¶ 3. The Debtor's three children were admitted to The Dalton School for the 2020-2021 school year and attended The Dalton School for the full school year in first, fifth, and sixth grades, respectively. Compl. ¶ 13; Hwang Decl. ¶ 4. According to the Complaint, the Trustee undertook an investigation into the financial affairs of the Debtor to determine if there were assets available to recover for the benefit of the estate. Compl. ¶ 9. Pursuant to Bankruptcy Rule 2004, the Trustee sought bank records for accounts allegedly maintained by the Debtor. Compl. ¶ 10. Among the documents produced, the Trustee reviewed an account maintained at JPMorgan Chase Bank, ending in the last four digits 5577 (the "Chase Bank Account"), and an account maintained at Bank of America, ending in the last four digits 4127 (the "BOA Account"). Compl. ¶¶ 11–12. Upon his review of the accounts[6], the Trustee "discovered substantial transactions" made from the Chase Bank Account and the BOA Account to The Dalton School. *Id.* The Trustee alleges that, within four years of the date the Debtor commenced his chapter 7 case, the Debtor transferred a total of $163,639.97 to The Dalton School. Compl. ¶¶ 14-15.[7]

## II.    Procedural History

On May 3, 2021, the Debtor filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code. [Bankr. Dkt. No. 1]. On March 15, 2022, the Trustee filed the Complaint seeking to avoid and recover tuition payments allegedly made by the Debtor to The Dalton School for the education of his three minor children. In his Complaint, the Trustee brings claims under fraudulent transfer, preference, and unjust enrichment theories.

---

[6] The account statements are not attached as exhibits to the Complaint, nor are they referenced in any other paragraph of the Complaint. Additionally, absent from the Complaint is any factual allegation that the Chase Bank Account and the BOA Account were maintained by the Debtor or held funds deposited by the Debtor.

[7] According to the Complaint, the tuition payments occurred between July 15, 2020 and March 8, 2021, within two years of the date the Debtor commenced his chapter 7 case.

Defendant moved to dismiss the Complaint in its entirety for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Defendant contends that the Trustee fails to state a claim for constructive fraudulent transfer because, *inter alia*, (1) the Trustee does not plausibly allege facts showing that the Debtor did not receive reasonably equivalent value or fair consideration for the tuition payments; (2) the Debtor received fair consideration and reasonably equivalent value in exchange for the tuition payments as a matter of New York law; and (3) the Trustee does not plausibly allege facts showing that the Debtor was insolvent or rendered insolvent when any of the tuition payments were made, or that the tuition payments were made with the belief that the Debtor would incur debts beyond his ability to pay as they matured. Mot. at 6–11.

Defendant also contends that the Trustee does not sufficiently plead intent to defraud as to any of the tuition payments. Mot. at 11–12. Additionally, Defendant contends that the Trustee does not plausibly allege a claim for unjust enrichment because the Debtor received value in exchange for the tuition payments in the form of the education provided to his three minor children. Mot. at 13–14. Finally, Defendant maintains that the Trustee fails to cite the proper standard for avoiding preferences under § 547, yet nevertheless fails to plausibly allege a preference claim because the Trustee has not adequately alleged that Defendant is an insider of the Debtor. Mot. at 14–15.

In opposing the Motion to Dismiss, the Trustee centrally alleges that this Court should reconsider settled case law that a trustee may not claw back tuition payments made by a debtor for children that have not yet reached the age of maturity, which is 21 years old in New York. In reply, Defendant highlights that, under applicable New York law, parents are required to provide for their minor children and the parental obligation to do so includes providing an education. Defendant also reiterates that the Complaint is flawed, contending

that it fails to allege sufficient non-conclusory facts to support entitlement to relief under any of the four theories asserted by the Trustee.

## STANDARD OF REVIEW

### I.    Motion to Dismiss for Failure to State a Claim

#### A.  General Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To meet this standard, a plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion, "the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Applying this plausibility standard is 'a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.'" *McCall v. Chesapeake Energy Corp.*, 817 F. Supp. 2d 307, 312 (S.D.N.Y. 2011) (quoting *Iqbal*, 556 U.S. at 679). Although all well-pleaded factual allegations in the complaint are assumed true for purposes of a motion to dismiss, *see Koch*, 699 F.3d at 145, this principle is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B. Heightened Pleading Standard

Because the Complaint asserts actual fraudulent transfer claims (Fifth and Eighth Causes of Action), it must also satisfy Rule 9(b), made applicable here by Bankruptcy Rule 7009. Rule 9(b) requires pleadings alleging fraud to "state with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b); Fed. Bankr. R. 7009; *see also Sharp Int'l Corp. v. State Street Bank & Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005); *In re Bernard L. Madoff Inc. Sec. LLC*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011) ("Actual fraudulent transfer claims brought under either section 548(a)(1)(A) of the Code or section 276 of the NYDCL must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure." (citations omitted)); *Messer v. Collins (In re Collins)*, 540 B.R. 54, 59 (Bankr. E.D.N.Y. 2015).

Under this heightened pleading standard, a plaintiff asserting an intentional fraudulent transfer claim must "specify the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid." *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002); *accord Flannigan v. Vulcan Power Grp., L.L.C.,* 712 F. Supp. 2d 63, 67

(S.D.N.Y. 2010); *Adelphia Recovery Tr. v. Bank of Am., N.A.,* 624 F. Supp. 2d 292, 336 (S.D.N.Y. 2009). While Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), a plaintiff must "plead the factual basis which gives rise to a strong inference of fraudulent intent." *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991); *see also Collins*, 540 B.R. at 59 (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). A strong inference of fraudulent intent "may be shown either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields*, 25 F.3d at 1128; *accord ATSI Commc'ns, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

However, "[i]n an action commenced by a bankruptcy trustee, courts take a more liberal view when examining allegations of actual fraud . . . in the context of a fraudulent conveyance, since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge." *Tese-Milner v. Kim (In re Level 8 Apparel, LLC)*, No. 16-13164 (JLG), 2021 WL 279620, at *5 (Bankr. S.D.N.Y. Jan. 26, 2021) (citing *Nisselson v. Softbank AM Corp. (In re Market XT Holdings Corp.)*, 361 B.R. 369, 395 (Bankr. S.D.N.Y. 2007)) (internal quotations omitted); *Collins*, 540 B.R. at 59 (noting that, "[i]n bankruptcy, courts take a liberal approach in construing allegations of actual fraud pled by a trustee, because the trustee is a third party outsider to the transaction and must plead fraud based upon second hand knowledge") (internal citations omitted). In such situations, "courts often look at the totality of the circumstances as well as the badges of fraud surrounding the transfers." *Collins*, 540 B.R. at 59.

## II.    Matters that May Be Considered on a Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco*, 622 F.3d at 111 (citations omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). For a court to consider a document external to the complaint as "incorporated by reference," there must be a "clear, definite and substantial reference" to the document in the complaint. *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003). "A mere passing reference or even references . . . to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself." *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011). Conversely, "[m]ultiple references to, and lengthy quotations from, an outside document have been considered sufficiently substantial to incorporate the document into the complaint by reference." *Allen v. Chanel Inc.*, No. 12 CV 6758(RPP), 2013 WL 2413068, at *5 (S.D.N.Y. June 4, 2013).

"Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)). "For a document to be considered integral to the complaint, the plaintiff must 'rel[y] on the terms and effect of a document in drafting the complaint . . . . [M]ere notice or possession is not enough.'" *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (quoting *Chambers*, 282 F.3d at 153). Additionally, "[m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited

quotation[s]' from the document is not enough." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citing *Global Network Commc'ns v. City of N.Y.*, 458 F. 3d 150, 156 (2d Cir. 2006). Furthermore, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document, and it must be clear that there exist no material disputed issues of fact regarding the relevance of the document." *AECOM*, 19 F.4th at 106 (citing *DiFolco*, 622 F.3d at 111) (internal quotations omitted).

A court may also take judicial notice of matters of public record, including documents filed in other court proceedings, when considering a motion to dismiss. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773–74 (2d Cir. 1991). However, courts may only take judicial notice of documents from other court proceedings "to establish the fact of such litigation and related filings" and "not for the truth of the matters asserted in the other litigation." *Id.* at 774. Additionally, a court may "take judicial notice of its own orders" and "its own records." *Rosado-Acha v. Red Bull GmbH,* No. 15 Civ. 7620, 2016 WL 3636672, at *7 (S.D.N.Y. June 29, 2016) (citations omitted); *see also Teamsters Nat'l Freight Indus. Negotiating Comm. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. App'x 46, 48 (2d Cir. 2005) (noting that courts are empowered to take judicial notice of public filings, including their dockets); *Katzenstein v. VIII SV5556 Lender, LLC (In re Saint Vincent's Catholic Med. Ctrs. of N.Y.)*, 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010) (taking judicial notice of the docket in the underlying bankruptcy case); *In re Campbell*, 500 B.R. 56, 59 n.7 (Bankr. D.N.M. 2013) (electing to take judicial notice of the entire file in the case for sake of completeness, as a bankruptcy court has the inherent authority to take judicial notice of entries on its own docket).

**DISCUSSION**

**I.      Transfer of an Interest of the Debtor in Property**

In considering whether the non-conclusory factual allegations in the Complaint are sufficient to state a claim for relief under Rule 8(a)(2) and, for those causes of action alleging actual fraud, meet the particularity requirements of Rule 9(b), the Court must first address a threshold question: Does the Complaint contain any well-pleaded assertion of a transfer of an interest of the Debtor in property as required for the avoidance and recovery of a fraudulent transfer under §§ 544(b), 548(a)(1) and 550, and for the avoidance and recovery of a preference under §§ 547(b) and 550? For the following reasons, and as discussed more fully below, the Court concludes that it does not. The Complaint fails to proffer sufficient non-conclusory facts to plausibly suggest a transfer of an interest of the Debtor in property. Generalized assertions, standing alone, do not suffice. *Twombly*, 550 U.S. at 557. The Trustee's unjust enrichment claim suffers the same fate. To succeed on such claim, the Trustee must establish, *inter alia*, that The Dalton School was enriched at the Debtor's expense. Absent a well-pleaded assertion of a transfer of an interest of the Debtor in property, the Complaint falls short of alleging facts from which the Court may reasonably infer that the tuition payments were made at the expense of the Debtor.

**A.  Legal Standard**

The claims asserted by the Trustee under §§ 544(b), 548(a)(1) and 547(b) to claw back tuition payments under fraudulent transfer and preference theories require, in the first instance, that the Trustee adequately plead that a transfer of an interest of the Debtor in property has been made to The Dalton School. 11 U.S.C. §§ 544(b), 548(a)(1), 547(b). Thus, certain pre-bankruptcy transfers made by a debtor that meet the statutory criteria may be recovered by a trustee as fraudulent or preferential, but only if the challenged transfers involve "an interest of the debtor in property."  *See, e.g., BFP v. Resol. Tr. Corp.*, 511 U.S.

11

531, 535 (1994) (noting that a claim for constructive fraudulent transfer under § 548 requires the trustee to establish, among other things, that "the debtor had an interest in property" and "a transfer of that interest occurred within one year of the filing of the bankruptcy petition")[8]; *Pergament v. Martino (In re Martino)*, 652 B.R. 416, 421 (Bankr. E.D.N.Y. 2023) (noting "fatal deficiencies in the Trustee's proof" on fraudulent conveyance claim where there was a question of whether the alleged transfers at issue "were transfers of the Debtor's property" and observing that "some significant part of the alleged value transferred . . . was not property of the Debtor, but rather was property of the non-filing spouse and not subject to avoidance"); *Kim*, 2021 WL 279620, at *12 (observing that, to state an actual fraudulent transfer claim under § 548, "the trustee must allege facts with particularity, demonstrating that within two years of the Petition Date, the Debtor transferred an interest in its property . . . with actual intent to hinder, delay, or defraud a creditor"); *In re Lyondell Chem. Co.*, 567 B.R. 55, 118 (Bankr. S.D.N.Y. 2017), *aff'd*, 585 B.R. 41 (S.D.N.Y. 2018) (noting that § 547 "permits a trustee to avoid any transfer of an *interest of the debtor in property* if certain statutory elements are met. . . . Consequently, the threshold question is whether the debtor had an interest in the transferred property.") (emphasis in original); NYDCL § 273(a) (establishing when "[a] transfer made . . . by a debtor" is voidable)[9]; *id.* § 270(p) ("'Transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of

---

[8] Prior to the October 17, 2005 amendments to the Bankruptcy Code provided under the Bankruptcy Abuse Prevention and Consumer Protection Act, the applicable look-back period under § 548(a) was one year. *In re Zerbo*, 397 B.R. 642, 648 n.3 (Bankr. E.D.N.Y. 2008). Section 548(a) was subsequently amended to provide a two-year lookback. *Id.*; 11 U.S.C. § 548 (a)(1) (providing for avoidance of transfers "that [were] made or incurred on or within 2 years before the date of the filing of the petition").

[9] As discussed *infra* Section II.B., the Complaint fails to cite applicable provisions of the NYDCL, as amended. The Court sets forth the correct provisions herein.

money, release, lease, license, and creation of a lien or other encumbrance."); *id.* § 270(b) ("'Asset' means property of a debtor[.]").

Similarly, the Trustee's unjust enrichment claim turns on the question of whether The Dalton School received tuition payments from the Debtor to which it was not entitled. *See Geltzer v. Borriello (In re Borriello)*, 329 B.R. 367, 381 (Bankr. E.D.N.Y. 2005) (noting that, to succeed on an unjust enrichment theory, "[t]he trustee must show that a benefit was conferred upon the defendant *by the debtor*" and that the doctrine "rests on the principle that a party should not be allowed to enrich himself *at the expense of another*") (emphasis added).

## B. Analysis

With this legal framework in mind, the Court turns to the Complaint and, for the following reasons, concludes that the lack of specificity undermines the sufficiency of the Trustee's claim that the tuition payments constitute a transfer of an interest of the Debtor in property and that The Dalton School received the payments at the expense of the Debtor.

Conspicuously absent from the Complaint is any non-conclusory factual allegation that the alleged transfer of funds to The Dalton School constituted a transfer of an interest of the Debtor in property. The Complaint merely contains a general factual allegation that the Trustee "discovered substantial transactions" from the Chase Bank Account and the BOA Account to The Dalton School. Compl. ¶¶ 11–12. Beyond referring to an "account" at JPMorgan Chase Bank and an "account" at Bank of America, the Trustee does not allege *any* facts to support the alleged transfers by the Debtor other than a conclusory statement that the Debtor "transferred to Dalton" a total of $163,639.97. Compl. ¶¶ 14-15. The alleged account statements are not attached as an exhibit to the Complaint, nor are they incorporated by reference or integral to the Complaint, such that they may be considered by the Court. The Complaint makes no more than a passing reference to the accounts, and there are no allegations as to the accountholders or the contents of the accounts. *See Williams*, 440 F.

App'x at 9 (noting that "[a] mere passing reference . . . to a document outside of the complaint" does not suffice for incorporation by reference); *Goel*, 820 F.3d at 559 (noting that "[m]erely mentioning a document in the complaint will not satisfy" the standard for considering a document integral to a complaint).

Because the Complaint lacks sufficient non-conclusory factual allegations to identify the transferor, the Court cannot plausibly infer that the transfers were made from an account in the Debtor's name or that the funds in such accounts were the Debtor's funds in the first instance. The Trustee's claims thus fail for this reason. For the sake of completeness, however, the Court will address the elements of each claim alleged in the Complaint. The Court concludes that the Complaint must be dismissed for the additional reasons detailed more fully below.

## II.    Constructive Fraudulent Transfer

The Trustee seeks to avoid and recover the tuition payments made to Defendant as constructive fraudulent transfers under the Bankruptcy Code and the NYDCL. The Trustee argues, *inter alia*, that the Debtor did not receive reasonably equivalent value or fair consideration in exchange for the tuition payments, and that the tuition payments were made when the Debtor was insolvent or thereby rendered insolvent or intended and believed that he would incur debts beyond his ability to pay as they came due.

For the following reasons, the Court concludes that the Trustee has failed to state a claim for constructive fraudulent transfer, and all such causes of action in the Complaint must therefore be dismissed.

## A.  Section 548(a)(1)(B) of the Bankruptcy Code[10]

---

[10] In the Eighth Cause of Action, the Trustee seeks to avoid the tuition payments as a fraudulent transfer under § 548 and, without explicit reference, seemingly alleges avoidance under both § 548(a)(1)(A) and (B). *See* Compl. ¶¶ 51-53. Here, the Court addresses the Trustee's allegation that the transfers must be avoided as constructively

1. ***Legal Standard***

Section 548(a)(1)(B) of the Bankruptcy Code provides as follows:

> The trustee may avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>
> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B). Therefore, in order to avoid a transfer as constructively fraudulent under § 548(a)(1)(B), a trustee must proffer sufficient non-conclusory facts to support each of the following elements: 1) an interest of the debtor's property was transferred; 2) the debtor made the transfer within two years of the petition date; 3) the debtor received less than a reasonably equivalent value in exchange for the transfer; and 4) one of the four financial conditions enumerated in subsections (I)–(IV) of § 548(a)(1)(B)(ii) is satisfied. *See Geltzer v. Lawrence Woodmere Acad. (In re Michel)*, 573 B.R. 46, 57 (Bankr. E.D.N.Y. 2017).

2. ***Analysis***

---

fraudulent. *See* Compl. ¶¶ 52, 53. The Trustee's allegation that the transfers must be avoided as having been made with actual intent to hinder, delay, or defraud creditors is addressed *infra* Section III. *See* Compl. ¶ 51.

Although the Trustee alleges sufficient non-conclusory facts to plausibly suggest that the tuition payments were made within two years of the petition date (Compl. ¶¶ 7, 14, 49), the Complaint contains only general and sparse allegations that are insufficient to support a claim that (i) the Debtor received less than a reasonably equivalent value in exchange for each tuition payment and (ii) one of the four additional facts concerning the Debtor's financial condition was present at the time each tuition payment was made. The Court first discusses the concept of reasonably equivalent value and then turns to the allegations concerning the Debtor's financial condition at the time of the transfers.

Although the Bankruptcy Code does not define "reasonably equivalent value," *Geltzer v. Xaverian (In re Akanmu)*, 502 B.R. 124, 130 (Bankr. E.D.N.Y. 2013), the Second Circuit has recognized that "[t]he question of reasonably equivalent value is determined by the value of the consideration exchanged between the parties at the time of the conveyance or incurrence of debt which is challenged." *FCC v. NextWave Personal Commc'ns, Inc. (In re NextWave Personal Commnc'ns, Inc.)*, 200 F.3d 43, 56 (2d Cir. 1999) (emphasis, internal quotations, and citation omitted). The consideration given in exchange for the transfer need not be mathematically equal, or a penny for a penny. *Xaverian*, 502 B.R. at 130.

Here, the Complaint alleges in a formulaic and conclusory manner that the Debtor received less than a reasonably equivalent value in exchange for the tuition payments made to The Dalton School. *See* Compl. ¶ 53 ("Debtor received less than reasonably equivalent value for the Transfers. In fact, Debtor received no consideration for these [T]ransfers."). This general factual allegation falls short of what the Complaint must proffer to "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681; *see Off. Comm. Unsecured Creditors v. Blomen (In re Hydrogen, LLC)*, 431 B.R. 337, 353 (Bankr. S.D.N.Y. 2010) (granting motion to dismiss and stating that "[t]he Amended Complaint sets forth little more than a 'formulaic

recitation of the elements' of the section 548(a)(1)(B) claim.") (citing *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555). An unsupported and conclusory statement that the Debtor received less than reasonably equivalent value or received no consideration in exchange for payments made to Defendant, Compl. ¶ 53, is the type of "naked assertion" that does not suffice. *Twombly*, 550 U.S. at 557; *see also Blomen*, 431 B.R. at 353 (concluding that constructive fraudulent transfer claim failed to survive motions to dismiss); *Enron Corp. v. Granite Constr. Co. (In re Enron Corp.)*, 2006 WL 2400369, No. 01–16034, *8 (Bankr. S.D.N.Y. May 11, 2006) (dismissing a constructive fraudulent transfer claim on a Rule 12(b)(6) motion because plaintiffs failed to allege that debtor did not receive reasonably equivalent value); *Garcia v. All-Boro Mgmt Co. (In re Garcia)*, 494 B.R. 799, 815 (Bankr. E.D.N.Y. 2013) (dismissing fraudulent transfer claim because the complaint lacked any factual allegations supporting the assertion that debtor did not receive reasonably equivalent value).

The Complaint's allegations concerning the Debtor's financial condition at the time of the tuition payments suffers the same fate. The Complaint fails to allege any non-conclusory facts to support its bare assertion that the transfers "were made at a time when the Debtor was insolvent, or the [t]ransfers rendered the Debtor insolvent," Compl. ¶¶16, 52, or that at the time of the transfers, the Debtor "was not paying his obligations as they became due and owing." Compl. ¶ 17.

In addition to the pleading deficiencies discussed above, the constructive fraudulent transfer claim fails for a second and overriding reason: the Trustee cannot show a lack of reasonably equivalent value because settled New York law recognizes that parents are obligated to provide for their minor children's necessities, including education. As Defendant notes (Mot. at 8–9; Reply at 4), and the Trustee concedes (Opp. ¶¶ 30–31), this Court has recognized that "tuition payments made by a debtor to educate his or her minor children

confer reasonably equivalent value on the parent." *See Lawrence Woodmere Acad.*, 573 B.R. at 61. This is because "parents have an obligation to provide for their children's necessities, including their education." *See id.* at 60–61 (noting that "New York state law requires parents to ensure school attendance by their child"). This Court has further acknowledged that "it is not necessary for a family to meet that obligation, and all of its other pre-petition daily needs and requirements, at the lowest possible cost, or no cost at all." *Id.* at 61.

Courts view parents and their children as a "single economic unit" for purposes of § 548. *Xaverian*, 502 B.R. at 136–37. Therefore, any benefit received by the children in connection with payments for their education is also a benefit conferred on their parents:

> The Debtors received reasonably equivalent value and fair consideration for the Tuition Payments for their children's education, not only because the Debtors satisfied their legal obligation to educate their children, but also because the Debtors and their minor children must be viewed as a single economic unit for these purposes. In other words, goods and services purchased by parents for their minor children should generally be treated, for purposes of constructive fraudulent conveyance analysis, as though they had been purchased by the parents for themselves.

*Id.*; *see also Lawrence Woodmere Acad.*, 573 B.R. at 61 ("Such education and care expenses also confer reasonably equivalent value on the parent because parents and their minor children form a single economic unit for these purposes, so that the value received in the form of the education and care of the minor child provides a tangible benefit to the parent."). Thus, the Debtor received reasonably equivalent value, both directly and indirectly, in exchange for the tuition payments in the form of the education provided to his children. The Trustee can therefore "prove no set of facts" in support of this element of the constructive fraudulent transfer claim. *See generally Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.)*, 281 B.R. 506, 512 (Bankr. E.D.N.Y. 2002), *aff'd*, 302 B.R. 760 (E.D.N.Y. 2003), *aff'd*, 403 F.3d 43 (2d Cir. 2005).

Both *Xaverian* and *Lawrence Woodmere* further instruct that a trustee may not scrutinize the amount spent by a debtor on tuition for the debtor's minor children. "A trustee is not granted veto power over a debtor's personal decisions, at least with respect to pre-petition expenditures." *Xaverian*, 502 B.R. at 132–33. That the Debtor chose to educate his children in private school rather than public school, "arguably exceeding the 'minimum standard of care,'" does not change the fact that, by doing so, the Debtor satisfied his legal obligation to educate his children, thereby receiving reasonably equivalent value. *See Xaverian*, 502 B.R. at 132; *Lawrence Woodmere Acad.*, 573 B.R. at 60–61 (following the "thorough and well-reasoned analysis set forth in *Xaverian*"); *see also Geltzer v. Oberlin Coll. (In re Sterman)*, 594 B.R. 229, 238 (Bankr. S.D.N.Y. 2018) (citing *Xaverian* in support of holding that transfers to or for the benefit of minor for college tuition were supported by reasonably equivalent value and therefore were not avoidable).

Confronted by precedent contrary to his position, the Trustee challenges the reasoning underpinning *Xaverian* and *Lawrence Woodmere* and requests that the Court now "review this standard and determine that the Debtor did not receive reasonably equivalent value." Opp. ¶¶ 30–31.[11] The Court declines to do so and finds the rationale in *Xaverian* persuasive:

> To hold otherwise would permit a trustee to scrutinize debtors' expenditures for their children's benefit, and seek to recover from the vendor if, in the trustee's judgment, the expenditure was not reasonably necessary, or if the good or service could have been obtained at a lower price, or at no cost, elsewhere.

*See Xaverian*, 502 B.R. 132–33. A holding to the contrary would yield absurd results. *Id.* ("For example, a trustee could seek to avoid a debtor's payments to a restaurant for a meal

---

[11] In asking this Court to ignore settled New York law recognizing that parents have an obligation to provide for their minor children's necessities, including education, *see Xaverian*, 502 B.R. at 132, the Trustee fails to appreciate what distinguishes this case from those cases he cited in his quest to have this Court reject the sound reasoning of *Xaverian* and *Lawrence Woodmere*. The Trustee cites cases in which courts have, under certain circumstances, permitted a trustee to claw back college tuition payments for children that have reached the age of maturity which is clearly not the case here as unequivocally conceded by the Trustee.

purchased for the debtor's child, or payments to a department store for clothing purchased for the child, on a theory that adequate food or clothing could have been obtained at lower cost. A trustee could sue the vendor to recover the cost of a computer or other electronic device purchased pre-petition by a debtor for his child, on the theory that the item was not reasonably necessary. . . . The absurdity of this scenario is obvious."); *Oberlin*, 594 B.R. at 238 (same).

## B. Section 544(b) of the Bankruptcy Code

In addition to asserting that the tuition payments may be avoided and recovered as a constructive fraudulent transfer under § 548(a)(1)(B), the Trustee claims that the Complaint alleges sufficient facts to support the avoidance and recovery of the tuition payments as a constructive fraudulent transfer under § 544(b) and the NYDCL. For the reasons that follow, the Court disagrees. The Trustee's first, second, third, and fourth causes of action fail because, *inter alia*: (i) the Trustee fails to identify a triggering creditor for purposes of establishing derivative standing to bring a claim under § 544(b); (ii) the Trustee cites inapplicable provisions of the NYDCL; and (iii) even if the Trustee had properly identified a triggering creditor and relied on the correct provisions of the NYDCL, the Complaint nevertheless fails for the reasons set forth in the sections below.

### 1. *Legal Standard*

Section 544(b) authorizes a trustee to avoid a transfer of an interest in property of the debtor by utilizing applicable state law that permits such avoidance. 11 U.S.C. § 544(b). A trustee's avoidance power under this section is derivative: there must be an actual existing creditor holding an allowable unsecured claim who would have had that right outside of bankruptcy. *See Mendelsohn v. Kovalchuk (In re APCO Merch. Servs., Inc.)*, 585 B.R. 306, 314 (Bankr. E.D.N.Y. 2018). Therefore, "[i]n order for a trustee to maintain an action for avoidance of a fraudulent conveyance, the trustee must show that at least one of the present

unsecured creditors of the estate holds an allowable claim, against whom the transfer or obligation was invalid under applicable state or federal law." *Id.*

The Trustee cites the NYDCL as applicable state law for purposes of § 544(b)(1). Section 273(a)(2) of the NYDCL provides as follows:

(a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . .

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

NYDCL § 273(a).

## 2. *Analysis*

As a threshold matter, the Trustee fails to plead the existence of a triggering creditor for purposes of § 544(b). While a § 544(b) claim survives a motion to dismiss even if a trustee does not identify, in the complaint, a specific creditor holding an allowable unsecured claim at the time of the transfer and the filing of the complaint, a trustee must nevertheless plead "facts from which it can be plausibly concluded that there is at least one legitimate creditor of the estate." *Kovalchuk*, 585 B.R. at 315 n.11 (citing *In re Refco, Inc. Sec. Litig.*, No. 07 MDL 1902 GEL, 2009 WL 7242548, at *10 (S.D.N.Y. Nov. 13, 2009) (report of special master), *report and recommendation adopted sub nom. In re Refco Sec. Litig.*, No. 07 MDL 1902 (JSR), 2010 WL 5129072 (S.D.N.Y. Jan. 12, 2010)). The Trustee fails to do so here. The bare assertion that "[a]t the time of the Transfers, the Debtor was indebted to creditors and

was not paying his obligations as they became due and owing" does not suffice.  *See* Compl. ¶ 17.

Furthermore, the Complaint cites sections of the NYDCL that predate the amendment of that statute, which took effect on April 4, 2020. *See Halperin v. Morgan Stanley Inv. Mgmt. Inc. (In re Tops Holding II Corp.)*, 646 B.R. 617, 642 (Bankr. S.D.N.Y. 2022), *leave to appeal denied*, No. 22-CIV-9450 (NSR), 2023 WL 119445 (S.D.N.Y. Jan. 6, 2023) ("The NY DCL was later amended by enactment of the 'Uniform Voidable Transactions Act' on December 6, 2019, effective April 4, 2020, N.Y. Legis. 580 § 7 (2019)[.]"). Because the tuition payments at issue were allegedly made after April 4, 2020, the new NYDCL, as amended, applies. The Complaint thus fails for this additional reason.[12]

Finally, even if the Complaint had identified a triggering creditor for purposes of § 544(b) and cited the correct provisions of the NYDCL, the Complaint nevertheless fails for reasons discussed above in connection with the analysis of reasonably equivalent value under § 548(a)(1)(B). The relevant elements of NYDCL § 273(a)(2) largely mirror the elements of § 548(a)(1)(B), and the Court's reasoning above with respect to the Trustee's assertion that the tuition payments must be avoided as constructively fraudulent under § 548(a)(1)(B) is equally applicable here. *See generally Martino*, 652 B.R. at 422–23. The Complaint does not adequately allege that the Debtor received less than reasonably equivalent value under NYDCL § 273(a)(2) in exchange for the tuition payments made to Defendant, in the form of the education of the Debtor's minor children. Additionally, the Court concludes that the Trustee fails to adequately allege the other elements under NYDCL § 273(a)(2). The Complaint merely recites statutory language, alleging that the "Debtor intended and believed

---

[12] Even if the Trustee had brought claims under the applicable provisions of NYDCL, as amended, the Complaint would fail for the reasons set forth herein.

that he would incur debts beyond his ability to pay them as they became due," with no factual support for such assertion. Compl. ¶ 30.

### III.    Actual Fraudulent Transfer

The Trustee alleges that the tuition payments were made with actual intent to hinder, delay, or defraud creditors and thus avoidable under § 548(a)(1)(A), as well as § 544(b) and NYDCL § 273(a)(1). For the following reasons, the Court disagrees. The Fifth, Sixth, Eighth, and Ninth Causes of Action in the Complaint must therefore be dismissed.

### A.  Section 548(a)(1)(A) of the Bankruptcy Code

#### 1.  *Legal Standard*

Section 548(a)(1)(A) of the Bankruptcy Code allows a trustee to avoid transfers made by the debtor with the "actual intent to hinder, delay, or defraud" creditors. 11 U.S.C. § 548(a)(1)(A). Only the intent of the debtor-transferor is relevant for purposes of § 548. *See McCord v. Ally Financial, Inc. (In re USA United Fleet, Inc.)*, 559 B.R. 41, 57 (Bankr. E.D.N.Y. 2016).

Actual fraudulent intent may be inferred from the circumstances surrounding the transaction at issue. *See Sharp Int'l Corp. v. State St. Bank (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005). Courts often consider the following badges of fraud in determining whether intent may be inferred: "(1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry." *See Ally Financial*, 559 B.R. at 88.

23

Claims for actual fraudulent transfer under the Bankruptcy Code must be pleaded with particularity under Fed. R. Civ. P. 9(b). *See Kim*, 2021 WL 279620, at *4; *Geltzer v. Trey Whitfield Sch. (In re Michel)*, 573 B.R. 46, 66 (Bankr. E.D.N.Y. 2017); *Thaler v. Korn*, No. 13-CV-3768 SJF, 2014 WL 1154059, at *3 (E.D.N.Y. Mar. 19, 2014).

### 2. *Analysis*

The Trustee has failed to state a claim for actual fraudulent transfer. Far from pleading with the requisite particularity under Rule 9(b), the Trustee has failed to plead *any* facts that support the allegation that the Debtor transferred tuition payments to Defendant with the actual intent to hinder, delay, or defraud creditors. Rather, the Complaint includes threadbare allegations that track the language of the statute. Compl. ¶ 51 ("The Transfers were made by the Debtor with the actual intent to hinder, delay or defraud the Debtor's creditors.").

The Trustee does not allege facts that show, or even suggest, that the Debtor had any purpose other than the education and care of his children when he made tuition payments to Defendant. *See Trey Whitfield Sch.*, 573 B.R. 46, 68 (Bankr. E.D.N.Y. 2017).

### B. Section 544(b) of the Bankruptcy Code and Section 273(a)(1) NYDCL

### 1. *Legal Standard*

Similar to § 548(a)(1)(A), NYDCL § 273(a)(1) allows a trustee to avoid transfers made by the debtor with the "actual intent to hinder, delay, or defraud" creditors. *See* N.Y. Debt. & Cred. Law § 273(a)(1); *see also Mendelsohn v. Roslyn, LLC (In re Leff)*, 631 B.R. 106, 132 (Bankr. E.D.N.Y. 2021) (noting that corresponding provision of NYDCL prior to 2020 amendment—then NYDCL § 276—was similar to § 548(a)(1)(A) in that "it applie[d] to transfers made with intent to deceive").

Prior to enactment of the 2020 amendment, actual fraudulent transfer claims under the NYDCL were subject to heightened pleading requirements. *See Espire Ads LLC v. TAPP Influencers Corp.*, No. 21-CV-10623(JGK), 2023 WL 1968025, at *23 (S.D.N.Y. Feb. 13, 2023) ("Previously, claims of actual fraudulent conveyance under what was once § 276 were subject to the heightened pleading standards of Rule 9(b), whereas claims of constructive fraudulent conveyance under what was once § 273 were subject to ordinary Rule 8(a) pleading."). At least one court in this circuit has recognized that "[i]t is unclear whether the same distinction between the pleading requirements" applies under the new NYDCL. *See id.* at 24.

### 2. *Analysis*

Under either Rule 9(b) or Rule 8(a), the Trustee has failed to allege plausibly a claim for actual fraudulent transfer for the reasons stated above. *See Espire Ads*, 2023 WL 1968025, at *24; *Mendelsohn v. Atria Builders LLC (In re Apollo H.V.A.C. Corp.)*, No. 19-76981-AST, 2021 WL 3276649, at *5 (Bankr. E.D.N.Y. July 30, 2021). The Complaint does not include any facts in support of the allegations regarding the Debtor's intent to defraud creditors. Compl. ¶ 38.

### IV.    Attorneys' Fees

The Trustee seeks to recover attorneys' fees under NYDCL § 276-a. For the following reasons, the Court concludes that the Trustee has failed to state a claim for attorneys' fees, and the claim must therefore be dismissed.

#### A.  Legal Standard

Defendant argues that the Trustee failed to state a claim for attorneys' fees because this claim is contingent on the Trustee's actual fraudulent claim, which fails for the reasons discussed above. Mot. at 12.  However, Defendant erroneously applies the NYDCL that was in effect prior to the April 4, 2020 amendment. *See Mendelsohn v. Nationstar Mortgage (In*

*re Hong)*, No. 8-19-72287-LAS, 2022 WL 17980826, at *11 (Bankr. E.D.N.Y. Dec. 28, 2022); *see also Cherotti v. Exphand, Inc.*, No. 20 CIV. 11102 (SLC), 2023 WL 5526625, at *17 (S.D.N.Y. Aug. 28, 2023) (collecting cases holding that, for claims accruing prior to April 4, 2020, a finding of actual intent is required before attorneys' fees will be awarded).

The amended provision of the NYDCL, which is applicable here, provides for attorneys' fees under limited circumstances without regard to whether actual intent is established:

> In an action or special proceeding under this article in which a judgment creditor who has been awarded by court order or agreement or has waived attorney's fees available to prevailing parties by the terms of the statute under which the creditor's underlying claim arose, or representative asserting the rights of such judgment creditor, recovers judgment avoiding any transfer or obligation, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor, or creditor representative, incurred in such action or special proceeding under this article as an additional amount required to satisfy the creditor's claim, and the creditor, or creditor representative, shall have judgment therefor against the debtor and, subject to the defenses and protections in section two hundred seventy-seven of this article, against any transferee (or person for whose benefit the transfer was made) against whom relief is ordered, in addition to the other relief granted by the judgment. The fee so fixed shall be without regard, or prejudice, to any agreement, express or implied, between the creditor, or the creditor representative, and his or her attorney with respect to the compensation of such attorney.

NYDCL § 276-a.

## B. Analysis

The Trustee has nevertheless failed to state a claim for attorneys' fees. The NYDCL permits an award of attorneys' fees and costs to a party who "recovers judgment avoiding any [fraudulent] transfer or obligation[.]" *Cherotti*, 2023 WL 5526625, at *17 (citing NYDCL § 276-a). As discussed *supra* Sections I-III, the Trustee has failed to adequately plead the

underlying claims for actual and constructive fraudulent transfer and, thus, cannot state a claim for attorneys' fees under NYDCL § 276-a.

## V.    Unjust Enrichment

The Trustee further alleges that Defendant was unjustly enriched as a result of the Debtor's tuition payments. For the following reasons, the Court concludes that the Trustee has failed to state a claim for unjust enrichment, and the claim must therefore be dismissed.

### A.  Legal Standard

To succeed on a claim for unjust enrichment in New York, a plaintiff must establish that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) that equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004); *see also Xaverian*, 502 B.R. at 138.

For an unjust enrichment claim to succeed, the transfer must be unfair as between the transferor and the transferee. *Xaverian*, 502 B.R. at 138 (citing *Borriello*, 329 B.R. at 382). Therefore, "[a]s long as the transferor received a benefit . . . the transferee is not liable on an unjust enrichment claim." *Id.*

### B.  Analysis

Here, Defendant received tuition payments from the Debtor and, in exchange, provided education to the Debtor's minor children. As discussed *supra* Section II.A.2., courts have held that debtors receive reasonably equivalent value in exchange for such tuition payments, in the form of the education of their minor children. Therefore, Defendant cannot be unjustly enriched. *See, e.g., Xaverian*, 502 B.R. at 138 ("The Defendants received tuition payments from the Debtors and, in exchange, provided education to the Debtors' minor children. The Debtors received the direct and indirect benefit of their children receiving an

education. The enrichment, as between the Defendants and the Debtors, therefore, was not unjust.").

## VI.    Preference

The Trustee alleges that the Debtor's tuition payments constituted avoidable preferences under § 547 because Defendant is an insider of the Debtor and, therefore, tuition payments made outside the statutory ninety-day period are avoidable.  For the following reasons, the Court concludes that the Trustee has failed to state a preference claim, and the claim must therefore be dismissed.

### A.  Legal Standard

Section 547 of the Bankruptcy Code allows the trustee "to avoid a transfer which prefers one creditor over similarly situated creditors, and allows the transferee to receive more than it would have received in a Chapter 7 case had the transfer not been made." *Liberty Mutual Ins. Co. v. State of New York (In re Citron)*, 428 B.R. 562, 569 (Bankr. E.D.N.Y. 2010) (citations omitted).

Under § 547, the trustee may avoid any transfer of a debtor's property interest that: (1) was made to or for the benefit of a creditor; (2) was for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) was made while the debtor was insolvent; (4) was made on or within 90 days before the date of the filing of the petition, or between ninety days and one year before the date of the filing of the petition, if such creditor at the time of the transfer was an insider; and 5) enables the creditor to receive more than it would receive in a hypothetical chapter 7 case had the transfer not been made. 11 U.S.C. § 547(b).  Each of these five elements must be proven to sustain a preference claim. *See Garcia*, 494 B.R. at 808.

Here, where the Debtor is an individual, Defendant must be one of the following to qualify as an insider for purposes of § 547: "(i) relative of the debtor or of a general partner

of the debtor; (ii) partnership in which the debtor is a general partner; (iii) general partner of the debtor; or (iv) corporation of which the debtor is a director, officer, or person in control." 11 U.S.C. § 101(31)(A).

### B. Analysis

The Complaint is deficient because it fails to plead sufficient facts in connection with the required elements under § 547. The Trustee merely recites the language of § 547 without alleging any facts in support of any of the required elements. Compl. ¶¶ 64–65; *see Kirschner v. Fitzsimons (In re Trib. Co. Fraudulent Conv. Litig.)*, No. 11-MD-2296 (RJS), 2018 WL 6329139, at *20 (S.D.N.Y. Nov. 30, 2018), *aff'd*, 10 F.4th 147 (2d Cir. 2021) (dismissing preference claim where trustee "fail[ed] to do more than simply restate the elements of a Section 547(b) claim").

Notably, the Trustee alleges that the tuition payments aggregating $163,639.98 were made between July 15, 2020 and March 8, 2021. Compl. ¶ 14. The Debtor's chapter 7 petition was filed on May 3, 2021. *Id.* ¶ 7. Defendant correctly observes that the Trustee would need to establish that Defendant is an insider of the Debtor for purposes of avoiding transfers made outside the 90-day preference period. According to the Trustee, the tuition payments made to Defendant outside the 90-day preference period total $111,740.98, Compl ¶ 14, yet the Trustee includes no allegations demonstrating the requisite relationship between Defendant and the Debtor beyond merely quoting the relevant statutory language. Compl. ¶¶ 15, 64; *see also* 11 U.S.C. § 101(31)(A); *Fitzsimons*, 2018 WL 6329139, at *20 (dismissing preference claim where complaints "fail to allege any facts demonstrating" insider relationship).

### <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion to Dismiss is granted. If the Trustee seeks to amend his Complaint and has a good-faith basis to do so, he must file a

motion under Fed. R. Civ. P. 15, as made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure, for leave to amend within 14 days of the date of this Memorandum Decision and Order, which motion shall attach the proposed form of the first amended complaint marked to show changes from the Complaint. If such a motion is not filed by such date, the dismissal of the Complaint shall be with prejudice.

   So Ordered.



Dated: December 28, 2023
   Central Islip, New York

                Louis A. Scarcella
               United States Bankruptcy Judge